Ari Holtzblatt (SBN 354631)
Claire Bergeron (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
ari.holtzblatt@wilmerhale.com
claire.bergeron@wilmerhale.com

Noah S. Guiney (SBN 324079)
WILMER CUTLER PICKERING
HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1151
Facsimile: (628) 235-1001
noah.guiney@wilmerhale.com

*Attorneys for Specially Appearing Defendant Elon Musk and Defendant X Corp.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DON LEMON,

Plaintiff,

v.

ELON MUSK; X CORP. DOING BUSINESS IN CALIFORNIA AS X CORP., A NEVADA CORPORATION; and DOES 1 to 100, inclusive,

Defendants.

Case No. 3:24-cv-06487

**SPECIALLY APPEARING DEFENDANT ELON MUSK'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332(a), 1441(a), AND 1446(a) (DIVERSITY JURISDICTION)**

[Originally Filed in San Francisco County Superior Court, Case No. CGC-24-616892]

Action Filed: August 1, 2024

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Specially Appearing Defendant Elon Musk hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Francisco ("State Court"), where the above-entitled action (the "Action") was filed, to the United States District Court for the Northern District of California.

## I. JURISDICTION

On August 1, 2024, Plaintiff Don Lemon commenced this action in State Court by filing his Complaint entitled *Don Lemon v. Elon Musk et al.*, Superior Court of the State of California for the County of San Francisco, Case Number CGC-24-616892. The Complaint alleges six causes of action: (1) fraud; (2) negligent misrepresentation; (3) misappropriation of name and likeness (common law); (4) misappropriation of name and likeness (Cal. Civ. Code § 3344); (5) breach of express contract; and (6) unjust enrichment. The Action may be removed to this Court by Mr. Musk pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) because complete diversity exists between the parties and the amount in controversy exceeds $75,000. In removing this action, Mr. Musk expressly reserves and does not waive all rights and defenses, including those for lack of personal jurisdiction and for insufficient service of process. Defendant X Corp. ("X") consents to removal of the Action in accordance with 28 U.S.C. § 1446(b)(2)(A), but in doing so expressly reserves all defenses and objections.

## II. VENUE

Venue is proper in this Court because the action is being removed from the Superior Court of the State of California for the County of San Francisco, which lies within the Northern District of California. *See* 28 U.S.C. §§ 1441(a), 1446(a).

This Notice of Removal is timely filed because thirty days have not elapsed since Plaintiff attempted to serve Specially Appearing Defendant Elon Musk on September 1, 2024.

*See* Ex. G; 28 U.S.C. § 1446(b)(2)(B).[1]  Defendants have not otherwise responded to the Complaint in State Court, and Mr. Musk reserves all rights to challenge the validity of the attempted service on him.[2]  Accordingly, this Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b)(1) (notice of removal must be filed within thirty days of defendant being served; each defendant shall have 30 days after receipt by or service on that defendant to remove); *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litig.*, 2019 WL 1551672, at *3-4 (N.D. Cal. Apr. 10, 2019) (noting the Ninth Circuit's adoption of the "later-served" rule, such that "each defendant had its own 30 days to remove the action," which, "[i]n 2011, Congress codified").  A written notice attaching a copy of this Notice of Removal is being served on Plaintiff, through his counsel, and filed with the Clerk of the Superior Court of the State of California for the County of San Francisco.  *See* 28 U.S.C. § 1446(d).

True and correct copies of all process, pleadings, and orders filed in the State Court Action are attached hereto, as required by 28 U.S.C. § 1446(a):

- EXHIBIT A: A true and correct copy of the State Court docket sheet.
- EXHIBIT B: A true and correct copy of the Complaint.

---

[1] Under Cal. Civ. Proc. Code § 415.20(b), even if Mr. Musk had been validly served through this substituted service, substituted service is only "complete" on the tenth day after a copy of the summons and complaint are mailed to the person served.  As Plaintiff mailed the summons and complaint allegedly served on August 22, 2024, if Plaintiff's substituted service were deemed proper (and Mr. Musk expressly reserves the right to argue that it was not), service would be deemed "complete" as of September 1, 2024.

[2] In filing this Notice of Removal, Mr. Musk does not waive, and expressly reserves, all defenses and objections, including those for insufficient service of process and lack of personal jurisdiction.  *See, e.g.*, *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) ("A defendant's election to remove a case to federal court does not waive a personal jurisdiction defense."); *Vinegar v. U.S. Marshals Serv.*, 1996 WL 227860, at *1 n.1 (S.D. Cal. Mar. 27, 1996) (acknowledging that filing of removal does not constitute consent to service); *see also Nationwide Eng'g & Control Sys. v. Thomas*, 837 F.2d 345, 347-348 (8th Cir. 1988) ("[r]emoval, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction" (internal citation omitted)); *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 300-301 (9th Cir. 1986) (affirming dismissal of a removed federal action for lack of personal jurisdiction); *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1025 (9th Cir. 2017) (affirming dismissal of removed federal action for failure to sufficiently serve plaintiffs before limitations period expired).

- EXHIBIT C: A true and correct copy of the State Court Civil Cover Sheet.
- EXHIBIT D: A true and correct copy of the State Court Notice to Plaintiff regarding a January 8, 2025 case management conference.
- EXHIBIT E: A true and correct copy of the State Court Summons.
- EXHIBIT F: A true and correct copy of Proof of Service Form (X).
- EXHIBIT G: A true and correct copy of Proof of Service Form (Musk).
- EXHIBIT H: A true and correct copy of the Parties' joint stipulation extending the time for X Corp. to respond to the Complaint.
- EXHIBIT I: A true and correct copy of the Notice of Appearance of Ari Holtzblatt on behalf of X Corp.
- EXHIBIT J: A true and correct copy of the Notice to Adverse Party of Removal to Federal Court to be filed in the Superior Court of the State of California for the County of San Francisco.

## III. BASIS OF REMOVAL

Removal is proper under 28 U.S.C. §§ 1332(a) and 1441(a) because the matter is between citizens of different states and the amount in controversy exceeds the sum of $75,000.

**Citizenship of Parties**. The parties in this case are two individuals and a corporation.[3] Regarding the individual parties, Plaintiff concedes that there is diversity of citizenship. According to the Complaint, Plaintiff is a citizen of New York, Compl. ¶ 1, and Mr. Musk is a citizen of Texas, *id.* ¶ 2(b). Plaintiff likewise concedes that the corporate defendant, X, is not a citizen of New York (where Plaintiff is a citizen), and thus, there is complete diversity. Plaintiff alleges that X is a citizen of Nevada, where it is incorporated, *id.* ¶ 2(a), and that X is a citizen of California, by virtue of the location of its principal place of business, *id.* As explained in the following section describing the "local defendant" rule, Plaintiff is incorrect in asserting that X is a citizen of California, because X's "principal place of business" is no longer in California, but

[3] Plaintiff also names Doe defendants in the Complaint, but "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal. 28 U.S.C. § 1441(b)(1).

rather, is now in Texas. *See* Exhibit K, Declaration of Nicole Hollander ¶ 2. Therefore, Defendant X is not currently a "citizen" of California. But while that point is relevant for purposes of satisfaction of the "local defendant" rule (as explained below), for purposes of satisfaction of the "complete diversity" rule, Plaintiff and Defendants agree that there is complete diversity. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("complete diversity" exists where no plaintiff is a citizen of the same state as any defendant to the case). That is because, as of "the time the complaint is filed and removal is effected," the sole Plaintiff is and has been a citizen of New York, and neither of the two Defendants is or has been a citizen of New York. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

**<u>Amount in Controversy</u>**. The amount in controversy, which is an estimate of the total amount in dispute rather than a prospective assessment of Defendants' liability, *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010), easily exceeds $75,000. Here, Plaintiff seeks as damages the "losses of earnings and benefits" purportedly owed to him under an alleged contract between the parties. Compl. ¶ 95. According to Plaintiff, Defendants allegedly agreed to pay him, at minimum, $1,500,000 over the course of one year, with $200,000 paid up front, *id.* ¶ 25, but Plaintiff received no payments, *id.* ¶ 38. The amount in controversy thus exceeds the jurisdictional amount of $75,000.

**<u>Inapplicability of the "Local Defendant" Exception</u>**. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." But this "local defendant" exception under Section 1441(b)(2) is no obstacle to removal in this case, because neither Mr. Musk nor X is currently a citizen of California, where this action was initiated. *See Spencer v. U.S. Dist. Ct. for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant *at the time removal is sought* bars removal." (emphasis added)).

Plaintiff concedes that Mr. Musk is not a citizen of California. Compl. ¶ 2(b). X is likewise not a citizen of California because it is neither incorporated in California (as Plaintiff

acknowledges, *see id.* ¶ 2(a)), nor does it currently have its principal place of business in California (as the attached declaration of Nicole Hollander, Director of Real Estate and Workplace at X, Ex. K, explains). *See* 28 U.S.C. § 1332(c)(1) (a corporation is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

As the Supreme Court has explained, a corporation's principal place of business is the location of its "nerve center"—"the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). The "'nerve center' will typically be found at [the] corporation's headquarters." *Id.* at 81.

Since no later than September 13, 2024, X's "nerve center" has been in Texas. Mr. Musk, the owner of X, and the Company's Chief Technology Officer and Executive Chairman, announced in mid-July 2024—several weeks before Plaintiff filed suit—that X's headquarters was relocating to Texas. Hollander Decl. at ¶ 4. X officially closed its San Francisco office on September 13, 2024, with employee relocation starting after Chief Executive Officer Linda Yaccarino sent an email on August 5, 2024 announcing that the San Francisco office would be closing. Hollander Decl. at ¶¶ 7-9. These actions confirm that X's "nerve center," and thus its principal place of business, is currently in Texas, not California. *See, e.g.*, *Sare v. Tesla, Inc.*, 2022 WL 2817422, at *2 (E.D. Cal. July 19, 2022) (concluding that corporate defendant had moved its principal place of business from California to Texas, and, therefore, was a citizen of Texas, not California). The location of key business functions and decision-making in Texas further confirms that it is Texas, and not California, that is the location of X's "nerve center." Hollander Decl. at ¶¶ 10-13. Most critically, Mr. Musk, the majority owner of X and the Company's Chief Technology Officer and Executive Chairman, directs, controls, and coordinates X's activities from Texas, where he lives. Hollander Decl. at ¶ 11. And although X does not have a formal "C-suite," and key executives at the Company live in various parts of the

United States, most major decisions on behalf of the Company are made in Texas. Hollander Decl. at ¶ 12.

Plaintiff may argue that X had its principal place of business in California at the time that Plaintiff filed his Complaint, and, therefore, that X should be deemed a California citizen. But such an assertion would fly in the face of X's significant Texas presence, even before X announced that its headquarters was moving, and X's public announcement—weeks before the filing of this suit, and for reasons completely unrelated to this suit—that X was closing its office in San Francisco and moving the location of its headquarters, which "typically" will be viewed as the location of a corporation's principal place of business. *Hertz*, 559 U.S. at 81; *see also Sare*, 2022 WL 2817422, at *3 (finding that defendant had met its burden to demonstrate that its "principal place of business" was at the location of its new corporate headquarters).

Moreover, the language of 28 U.S.C. § 1441(b)(2) makes clear that for purposes of applying the "local defendant" exception, what matters is not where X may have *had* its principal place of business at the time of the filing of the Complaint, but, rather, where X *has* its principal place of business at the time of removal. Section 1441(b)(2) is worded in the present tense—it states that, "[a] civil action otherwise removable … may not be removed if … any of the parties in interest properly joined and served as defendants ***is*** a citizen of the State in which such action is brought" (emphasis added). For that reason, the Ninth Circuit, in analyzing whether an allegedly "local" defendant joined post-removal necessitated remand, reasoned that "[c]hallenges to removal jurisdiction require an inquiry into the circumstances *at the time the notice of removal is filed.*" *Spencer*, 393 F.3d at 871 (emphasis added).

Likewise, in *Monet v. Tesla, Inc.*, 2022 WL 2714969 (N.D. Cal. July 13, 2022), the United States District Court for the Northern District of California confirmed the validity of removal in a case with facts that mirror those here. The defendant in that case, Tesla, Inc., was a corporation incorporated in Delaware with its principal place of business in Palo Alto at the time the complaint was filed in California state court. *Id.* at *1. Following the filing of the complaint, but prior to the case's removal, the defendant "moved its principal place of business to Austin,

Travis County, Texas, and became a citizen of Delaware and Texas." *Id.*  As here, there was "no dispute that there is complete diversity between Plaintiff and Defendant[s], and that the jurisdictional minimum of $75,000 has been satisfied." *Id.* at *2.  However, the plaintiff in *Monet* argued that "at the time the lawsuit was filed in state court, Defendant was a citizen of California, and therefore the 'no local defendant' rule … bars removal." *Id.*  The *Monet* court rejected the plaintiff's argument.  It held that "[u]nder [] binding Ninth Circuit authority, the … 'no local defendant rule' does not bar removal in this case because Defendant was no longer a citizen of California at the time of removal." *Id.* at *2.  That principle applies equally here.

In short, because X is currently a citizen of Texas (and Nevada), and not of California, the "local defendant" exception does not apply.  And, based on the Complaint allegations, it is uncontested that this case involves complete diversity and that the amount in controversy exceeds the jurisdictional amount of $75,000.  This case should be removed.

## IV. ADOPTION AND RESERVATION OF DEFENSES

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any jurisdictional objection, defense, or affirmative matter under California law, Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.  In removing this case, Mr. Musk expressly reserves and does not waive all rights and defenses, including those for lack of personal jurisdiction and for insufficient service of process.  In consenting to removal, X does not waive and expressly reserves all defenses and objections.

## V. CONCLUSION

For the reasons stated above, Mr. Musk hereby removes the above-entitled case pending in the Superior Court of the State of California for the County of San Francisco and requests that further proceedings be conducted in the Northern District of California, as provided by law.

In the event that the Court considers remand *sua sponte*, Mr. Musk respectfully requests the opportunity to submit additional argument or evidence in support of removal as may be necessary and that all deadlines in the case be stayed while briefing on removal takes place.  *See*

*Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021) ("The district court erred as a matter of law in requiring that the notice of removal 'prove' subject matter jurisdiction instead of containing plausible allegations of the jurisdictional elements."); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) ("[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied.").

Dated: September 16, 2024

Respectfully submitted,

*/s/ Ari Holtzblatt*

Ari Holtzblatt (SBN 354631)
Claire Bergeron (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
ari.holtzblatt@wilmerhale.com
claire.bergeron@wilmerhale.com

Noah Guiney (SBN 324079)
WILMER CUTLER PICKERING HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1151
Facsimile: (628) 235-1001
noah.guiney@wilmerhale.com

*Attorneys for Specially Appearing Defendant Elon Musk and Defendant X Corp.*