# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DON LEMON,<br><br>          Plaintiff,<br><br>vs.<br><br>ELON MUSK; X CORP. DOING BUSINESS IN CALIFORNIA AS, X CORP., A NEVADA CORPORATION; and DOES 1 to 100, inclusive,<br><br>          Defendants. | Case No.: 3:24-cv-06487-MMC<br><br>**The Honorable Maxine M. Chesney**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF DON LEMON'S MOTION TO REMAND CASE TO STATE COURT AND REQUEST FOR ATTORNEY'S FEES OF $14,400.00 FROM DEFENDANT ELON MUSK, OR IN THE ALTERNATIVE, REQUEST FOR LEAVE TO PURSUE JURISDICTIONAL DISCOVERY**<br><br>Ctrm.: 7 |

# ORDER

Plaintiff Don Lemon's Motion to Remand Case to State Court and Request for Attorney's Fees of $14,400.00 from Defendant Elon Musk, or in the alternative, Request for Leave to Pursue Jurisdictional Discovery, came on for hearing on November 8, 2024, in Courtroom 7 of this Court, the Honorable Maxine M. Chesney presiding. All parties were represented by counsel. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows.

## 1. Legal Standard

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). A removed action must be remanded to state court if the federal court lacks subject jurisdiction or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c); *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). There is a "strong presumption against removal jurisdiction," and thus, the defendant always has the burden of showing that both federal jurisdiction and compliance with any and all procedural requirements have been met. *Id.* (citations omitted); *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006); *Barakat v. Costco Wholesale Corp.*, 2020 U.S. Dist. LEXIS 118954, at *8 (N.D. Cal. July 6, 2020) (citing *Parker v. Brown*, 570 F. Supp. 640, 643 (S.D. Ohio 1983)). Any ambiguity must be resolved in favor of remand. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, *supra*, 980 F.2d at 566 (citation omitted) (emphasis added); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)

## 2. Discussion

In order to establish removal jurisdiction based on diversity, a defendant must prove by a preponderance of the evidence that complete diversity exists. For purposes of

diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and the state where its principal place of business is located. See U.S.C. § 1332(c)(1). The determination of a corporation's citizenship for diversity purposes hinges on its principal place of business at the time of the complaint's filing and at the time of removal. *Strotek Corp. v. Air Transport Ass'n of America* (9th Cir. 2002) 300 F.3d 1129, 1131-1132. Consistent with general principles for determining federal jurisdiction, diversity of citizenship must exist at both points in time. *Id.*; *Ashford v. Aeroframe Servs., LLC*, 907 F.3d 385, 386 (5th Cir. 2018)

### a. *Forum Defendant Rule and X's Citizenship*

There is a major limitation on removal jurisdiction in diversity cases. A civil action that is otherwise removable based on diversity jurisdiction is prohibited when a defendant who is a citizen of the forum state in which the plaintiff originally filed the case is properly joined and served: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Here, the parties agree that Lemon is a New York citizen, that Musk is a Texas citizen, and that X is incorporated in Nevada. As a result, the only issue before this Court on Plaintiff's motion to remand is whether the forum defendant rule applies and X's principal place of business.

The principal place of business refers to the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The "nerve center" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" and it "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.* The "nerve center" is also what "[t]he public often considers (though not always) [to be] the corporation's main place of business." *Id.* at 93.

The Court concludes that the forum defendant rule applies because Defendants have

failed to meet their heavy burden of demonstrating that X's principal place of business is no longer in California, as it has been for over the past thirteen years since approximately April 2011. *Nestlè USA, Inc. v. Inn Foods, Inc.*, 2017 U.S.Dist.LEXIS 236547, at *2-6, 10-12 (C.D. Cal. Oct. 20, 2017); *Malamed v. First Western Capital Mgmt*. Co., 2017 U.S. Dist. LEXIS 27244, at *2 (C.D. Cal. Feb. 24, 2017) (finding defendant must show that its nerve center is not located in California and if "doubt remains as to that issue, [d]efendant has not met its burden); *Goldenberg Family Trust v. Travelers Commercial Insurance*, 2011 WL 3648490 at *1 (C.D. Cal. Aug. 18, 2011) (remanding case for lacking diversity citizenship "because [p]laintiff has offered evidence that California also serves as a center of the company's control" and "the court is obligated to resolve all ambiguity in favor of remand").

In addition, even assuming *arguendo* that X's principal place of business shifted from California to Texas by the date that defendant Musk removed the action to federal court, Defendants have still failed to demonstrate that removal was proper.

Pursuant to the forum defendant rule, "[o]nce any 'local' defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant." *Republic W. Ins. Co.*, *supra*, 765 F.Supp.628 at 629. Moreover, the forum defendant rule applies regardless of a later change in citizenship by the local defendant. *See Monet v. Tesla, Inc.*, 2022 U.S. Dist. LEXIS 123915, at *4-5 (N.D. Cal. July 13, 2022) (holding forum defendant rule did not apply because defendant was no longer a local defendant by the time it was served with the complaint); *Darling v. Sunbeam Prods., Inc.*, 2023 U.S. Dist. LEXIS 241100, at *5-9 (S.D. Fla. July 27, 2023) (holding defendant becomes a forum defendant for the purposes of the forum defendant rule once it is properly served with the complaint, regardless of a later change in citizenship); *see also Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 568, 574-575, 580 (2004) (holding a party's post-filing change in citizenship cannot cure a lack of subject matter jurisdiction).

Here, prior to the case being removed to federal court, the Court finds that defendant

X was a California resident on the date that plaintiff Lemon properly served defendant X with a copy of the Complaint on August 5, 2024. The Court therefore concludes that even assuming *arguendo* that X's principal place of business shifted from California to Texas by the date that defendant Musk removed the action to federal court, the forum defendant rule still applies, and removal was improper.

### b. *Attorneys' Fees*

"An order remanding a case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. 1447(c). The standard for awarding fees and costs should be based on the reasonableness of the removal, and absent unusual circumstances a court may award attorney's fees and costs only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

Here, Lemon seeks $14,400 in attorney's fees incurred as a result of the improper removal. Based on Defendants notice of removal, its arguments in its papers, and its assertions at oral argument, this order finds that Defendants removal of this action from state court was patently unreasonable. Specifically, Defendants' counsel lacked any reasonable basis for contending that the forum defendant rule did not apply. Accordingly, Lemon's request for $14,400 in attorney's fees and costs is granted.

### 3. Conclusion

Having considered plaintiffs' motion, the pleadings and papers filed concurrently therewith and on file in this action, and other argument and evidence at the hearing, the Court hereby orders as follows:

IT IS ORDERED that Plaintiff's Motion to Remand is GRANTED. The clerk of the court shall send a certified copy of the order to the clerk in Department 610 of the San Francisco County Superior Court (the state court in which the action was originally filed):

IT IS FURTHER ORDERED that Defendant Elon Musk and / or its Counsel shall pay to Plaintiff the amount of $_____ as sanctions within ____ days.

*[IN THE ALTERNATIVE]* IT IS ORDERED that Plaintiff's alternative request for limited and targeted jurisdictional discovery, which may include written discovery requests and depositions. The Parties shall complete that discovery by _____. By no later than _____, Plaintiff shall file a supplemental brief in support of his motion to remand.

IT IS FURTHER ORDERED that: _____.

IT IS SO ORDERED.

Dated: _____

_____
The Honorable Maxine M. Chesney
United States District Court, Northern
District of California

**LEMON v. MUSK, et al.**                                          **USDC CASE NO.: 3:24-cv-06487-MMC**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am an employee in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 3764 Elizabeth Street, Riverside, California 92506.

On October 2, 2024, I served the foregoing document, described as **"[PROPOSED] ORDER GRANTING PLAINTIFF DON LEMON'S MOTION TO REMAND CASE TO STATE COURT AND REQUEST FOR ATTORNEY'S FEES OF $14,400.00 FROM DEFENDANT ELON MUSK, OR IN THE ALTERNATIVE, REQUEST FOR LEAVE TO PURSUE JURISDICTIONAL DISCOVERY,"** on all interested parties in this action as follows:

**Ari Holtzblatt, Esq.**
**Claire Bergeron, Esq, (pro hac vice)**
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
**2100 Pennsylvania Avenue NW**
**Washington, DC 20037**
**ari.holtzblatt@wilmerhale.com**
**claire.bergeron@wilmerhale.com**

**Noah S. Guiney, Esq.**
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
**One Front Street, Suite 3500**
**San Francisco, CA 94111**
**noah.guiney@wilmerhale.com**

☒  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 2, 2024, at Riverside, California

*Delmy Garcia*
Delmy Garcia