Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Bryan Kirsh, Esq., State Bar No. 318238
BKirsh@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Boulevard
Los Angeles, California 90049
Telephone Number:     (310) 860 0770
Facsimile Number:(310) 860 0771

Attorneys for Plaintiff,
DON LEMON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DON LEMON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ELON MUSK; X CORP. DOING BUSINESS IN CALIFORNIA AS, X CORP., A NEVADA CORPORATION; and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | Case No.: 3:24-cv-06487-MMC<br><br>**The Honorable Maxine M. Chesney**<br><br>**PLAINTIFF DON LEMON'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT AND REQUEST FOR ATTORNEY'S FEES OF $14,400.00 FROM DEFENDANT ELON MUSK, OR IN THE ALTERNATIVE, REQUEST FOR LEAVE TO PURSUE JURISDICTIONAL DISCOVERY**<br><br>(Filed concurrently with Declaration of Bryan Kirsh and Exhibits; Request for Judicial Notice; Objection to Defendants Evidence Submitted in Notice of Removal; [Proposed] Order on Plaintiff's Objections to Evidence; [Proposed] Order Granting Plaintiff's Motion to Remand to State Court)<br><br>Date:　November 8, 2024<br>Time:　9:00 a.m.<br>Ctrm.:　7<br><br>Trial Date:　　None Set<br>Action Filed:　August 1, 2024<br>Removal Date: September 16, 2024 |

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 8, 2024, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Maxine M. Chesney, in Courtroom 7 of the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, San Francisco, California, 94102, plaintiff, Don Lemon ("Plaintiff" or "Lemon"), requests that the Court take judicial notice of the existence of the following documents and the contents thereof, submitted in support of plaintiff's motion to remand. This request will be based on Federal Rules of Evidence 201.

1. Filed concurrently herewith as **Exhibit 4** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s Answer to First Amended Complaint in *Michael Grecco Productions, Inc. v. Twitter, Inc., et al.* (United States District Court, Central District of California), Case No. 2:24-cv-04878-MEMF-JC, Dkt. No. 20, filed August 8, 2024.

2. Filed concurrently herewith as **Exhibit 5** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s Answer to First Amended Complaint in *Waterman, et al. v. Twitter, Inc., et al.* (United States District Court, Central District of California), Case No. 2:24-cv-04881-HDV-PD, Docket No. 19, filed August 8, 2024.

3. Filed concurrently herewith as **Exhibit 6** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s Notice of Removal to Federal Court in *Turkal v. Twitter, Inc., et al.* (United States District Court, Northern District of Texas), Case No. 3:24-cv-04054-TSH, Docket No. 1, filed July 3, 2024.

4. Filed concurrently herewith as **Exhibit 7** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s Answer in *Backgrid USA, Inc. v. Twitter, Inc., et al.* (United States District Court, Central District of California), Case No. 2:22-cv-09462-DMG-ADS, Docket No. 32, filed June 28, 2024.

5. Filed concurrently herewith as **Exhibit 8** to the Declaration of Bryan Kirsh, a

true and correct copy of X Corp.'s Answer to Complaint in *Concord Music Group, Inc. v. X. Corp., D/B/A Twitter* (United States District Court, Middle District of Tennessee), Case No. 3:23-cv-00606, Docket No. 95, filed April 9, 2024.

6. Filed concurrently herewith as **Exhibit 9** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s Notice of Motion and Motion to Dismiss Plaintiffs' Amended Complaint in *McMillian, et al. v. X Corp., f/k/a Twitter, Inc., et al.* (United States District Court, Northern District of California), Case No. 3:23-cv-03461-TLT, Docket No. 38, filed January 9, 2024.

7. Filed concurrently herewith as **Exhibit 10** to the Declaration of Bryan Kirsh, a true and correct copy of Musk's Complaint in *Musk v. Altman, et al.* (San Francisco Superior Court), Case No. CGC-24-612746, filed February 29, 2024.

8. Filed concurrently herewith as **Exhibit 11** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s Statement of Information, dated March 8, 2024. This was accessed by my firm through the California Secretary of State website: https://www.sos.ca.gov/business-programs/business-entities/.

9. Filed concurrently herewith as **Exhibit 12** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s Statement of Information, dated July 19, 2023. This was accessed by my firm through the California Secretary of State website: https://www.sos.ca.gov/business-programs/business-entities/.

10. Filed concurrently herewith as **Exhibit 13** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s Statement and Designation – Out-of-State Stock Corporation, dated April 10, 2023. This was accessed by my firm through the California Secretary of State website: https://www.sos.ca.gov/business-programs/business-entities/.

11. Filed concurrently herewith as **Exhibit 14** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s Statement of Information, dated September 13, 2024. This was accessed by my firm through the California Secretary of

State website: https://www.sos.ca.gov/business-programs/business-entities/.

12. Filed concurrently herewith as **Exhibit 15** to the Declaration of Bryan Kirsh, a true and correct copy of a print-out of Adeeb Sahar's attorney licensee page, last accessed September 25, 2024. This was accessed by my firm through the California State Bar website:

https://apps.calbar.ca.gov/attorney/LicenseeSearch/Quick-Search.

13. Filed concurrently herewith as **Exhibit 16** to the Declaration of Adeeb Sahar filed in *X Corp. v. Media Matters for America, et al.* (United States District Court, Northern District of Texas), Case No. 4:23-cv-01175-O, Docket No. 78-1, filed July 8 8, 2024.

14. Filed concurrently herewith as **Exhibit 17** to the Declaration of Bryan Kirsh, a true and correct copy of a print-out of Mary Hansbury's attorney licensee page, last accessed September 25, 2024. This was accessed by my firm through the California State Bar website:

https://apps.calbar.ca.gov/attorney/LicenseeSearch/-QuickSearch.

15. Filed concurrently herewith as **Exhibit 18** to the Declaration of Bryan Kirsh, a true and correct copy of the Declaration of Mary Hansbury filed in *McMillian, et al v. X Corp., f/k/a Twitter, Inc., et al.* (United States District Court, Northern District of California), Case No. 3:23-cv-03461-TLT, Docket No. 51-1, filed February 23, 2024.

16. Filed concurrently herewith as **Exhibit 19** to the Declaration of Bryan Kirsh, a true and correct copy of a print-out of Mary Hansbury's user profile on the X platform, last accessed September 26, 2024. This was accessed by my firm through the X platform website: https://x.com/maryfhansbury?lang=en.

17. Filed concurrently herewith as **Exhibit 20** to the Declaration of Bryan Kirsh, a true and correct copy of a print-out of Keith Coleman's user profile on the X platform, last accessed September 26, 2024. This was accessed by my firm through the X platform website: https://x.com/kcoleman.

18. Filed concurrently herewith as **Exhibit 21** to the Declaration of Bryan Kirsh, a true and correct copy of a print-out of Samantha Birkenfeld-Malpass' attorney licensee page, last accessed September 25, 2024. This was accessed by my firm through the California State Bar website: https://apps.calbar.ca.gov/attorney/Licensee-Search/QuickSearch.

19. Filed concurrently herewith as **Exhibit 22** to the Declaration of Bryan Kirsh, a true and correct copy of the Declaration of Samantha Birkenfeld-Malpass filed in *Klein v. Meta Platforms, Inc.* (United States District Court, Northern District of California), Case No. 3:20-cv-08570-JD, Docket No. 830-6, filed August 14, 2024.

20. Filed concurrently herewith as **Exhibit 23** to the Declaration of Bryan Kirsh, a true and correct copy of the Declaration of Haofei Wang filed in *X Corp. v. Bright Data Ltd.*, United States District Court, Northern District of California), Case No. 3:23-cv-03698-WHA, Docket No. 69-1, filed February 7, 2024.

21. Filed concurrently herewith as **Exhibit 24** to the Declaration of Bryan Kirsh, a true and correct copy of the Declaration of Dhruv Batura filed in *McMillian, et al v. X Corp., f/k/a Twitter, Inc.*, United States District Court, Northern District of California), Case No. 3:23-cv-03461-TLT, Docket No. 95-1, filed June 6, 2024.

22. Filed concurrently herewith as **Exhibit 25** to the Declaration of Bryan Kirsh, a true and correct copy of a print-out of Dhruv Batura's user profile on the X.com platform, last accessed September 26, 2024. This was accessed by my firm through the X platform website: https://x.com/dbatura.

23. Filed concurrently herewith as **Exhibit 26** to the Declaration of Bryan Kirsh, a true and correct copy of a print-out of Rob Pietsch's user profile on the X platform, last accessed September 26, 2024. This was accessed by my firm through the X platform website: https://x.com/rjpietsch.

24. Filed concurrently herewith as **Exhibit 27** to the Declaration of Bryan Kirsh, a

true and correct copy of the Declaration of Emily Barnett and Exhibit A (X's Terms of Service Policy) to her declaration filed in *Castronuova v. Meta Platforms, Inc., et al.*, United States District Court, Northern District of California), Case No. 4:24-cv-02523-YGR, Docket No. 67-1 & 67-2, filed September 13, 2024.

25. Filed concurrently herewith as **Exhibit 28** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s Terms of Service Policy, last accessed September 21, 2024. This was accessed by my firm through X Corp.'s website: https://x.com/en/tos.

26. Filed concurrently herewith as **Exhibit 29** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s Guidelines for Law Enforcement Policy, last accessed September 21, 2024. This was accessed by my firm through X Corp.'s website: https://help.x.com/en/rules-and-policies/x-law-enforcement-support.

27. Filed concurrently herewith as **Exhibit 30** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s Privacy Policy, last accessed September 25, 2024. This was accessed by my firm through X Corp.'s website: https://x.com/en/privacy.

28. Filed concurrently herewith as **Exhibit 31** to the Declaration of Bryan Kirsh, a true and correct copy of the news article obtained from Yahoo Finance, entitled "X is Closing San Francisco HQ and relocating staffers to San Jose and 'shared space' with x.AI in Palo Alto, CEO Linda Yaccarino says in leaked email," posted on August 5, 2024. This was accessed by my firm through this link: https://finance.yahoo.com/news/x-closing-san-francisco-hq-202337748.html.

29. Filed concurrently herewith as **Exhibit 32** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s business entity page from the Nevada Secretary of State, last accessed September 22, 2024. This was accessed by my firm through the Nevada Secretary of State website: https://www.nvsilverflume.gov/home.

30. Filed concurrently herewith as **Exhibit 33** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s business entity page from the Colorado Secretary of State, last accessed October 1, 2024. This was accessed from the Colorado Secretary of State website: https://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=TRUE&masterFileId=20231396175&%E2%80%A6.

31. Filed concurrently herewith as **Exhibit 34** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s business entity page from the Illinois Secretary of State, last accessed October 1, 2024. This was accessed by my firm through the Illinois Secretary of State website: https://apps.ilsos.gov/businessentitysearch/.

32. Filed concurrently herewith as **Exhibit 35** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s business entity page from the Massachusetts Secretary of State, last accessed October 1, 2024. This was accessed by my firm through the Massachusetts Secretary of State website: https://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?sysvalue=VaDRrRcY30DRkU3nWGw1Rv42dVniU9R66H.se7usq8g-.

33. Filed concurrently herewith as **Exhibit 36** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s business entity page from the North Dakota Secretary of State, last accessed October 1, 2024. This was accessed by my firm through the North Dakota Secretary of State website: https://firststop.sos.nd.gov/search/business.

34. Filed concurrently herewith as **Exhibit 37** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s business entity page from the Oregon Secretary of State, last accessed October 1, 2024. This was accessed by my firm through the Oregon Secretary of State website: https://egov.sos.state.or.us/br/pkg_web_name_srch_inq.login.

35. Filed concurrently herewith as **Exhibit 38** to the Declaration of Bryan Kirsh, a true and correct copy of X Corp.'s business entity page from the Virginia Secretary of State, last accessed October 1, 2024. This was accessed by my firm through the Virginia Secretary of State website: https://cis.scc.virginia.gov/EntitySearch/Index.

Rule 201 of the Federal Rules of Evidence gives the court the power to take judicial notice of adjudicative facts, but not legislative facts. Rule 201 states that a "court may judicially notice a fact that is not subject to reasonable dispute because it is: (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rules of Evidence 201. Judicial notice may be taken of documents filed, orders, and decisions entered in any federal or state court. *Asdar Group v. Pillsbury, Madison & Sutro* (9th Cir. 1996) 99 F. 3d 289, 290 n.1 (district court may properly take judicial notice of court orders); *Neilson v. Union Bank of Cal., N.A.* (C.D. Cal. 2004) 290 F. Supp. 2d 1101, 1112-15; see also *Holder v. Holder* (9th Cir. 2002) 305 F.3d 854, 866.

**Exhibits 4 to 10, 16, 18, 22 to 24, and 27** are court filings from other legal proceedings. "Judicial notice is appropriate because these exhibits are matters of public record not subject to reasonable dispute." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. 2020) (citing Fed. R. Evid. 201(b).). "Materials from a proceeding in another tribunal are appropriate for judicial notice." *Biggs v. Terhune*, 334 F.3d 910, 915 n. 3 (9th Cir. 2003); *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip.*, Inc., 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records . . . from other court proceedings.").

Moreover, Courts within the Ninth Circuit recognize that statements made by a defendant in other lawsuits are probative of the true principal place of business. *Healy v. Wells Fargo Bank, N.A.*, 2022 U.S. Dist. LEXIS 5673, at *14 (S.D. Cal. Jan. 11, 2022) (using statements made by party in other lawsuits as evidence to determine principal place of business for jurisdiction); *Alvarado v. W. Range Ass'n*, 2023 U.S. Dist. LEXIS 122127,

at *6 (D. Nev. Mar. 21, 2023); *Am. Passage Media Corp. v. Cass Comm'ns, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1995).

**Exhibits 11 to 14 and 32 to 38** encompass documents from the Secretary of State websites for California, Nevada, Colorado, Illinois, Massachusetts, North Dakota, Oregon, and Virginia, which are judicially noticeable because they are "a government publication, part of the public record, and not subject to reasonable dispute. *Miranda v. Catch of LA Operating Co. LLC*, 2024 U.S. Dist. LEXIS 90316, at *8 n. 2 (C.D. Cal. May 17, 2024), citing *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F.Supp.2d 932, 938 (C.D. Cal. 2011) (finding "the accuracy of the results of records searches from the Secretary of State for the State of California corporate search website can be determined by readily accessible resources whose accuracy cannot reasonably be questioned."); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) (information on government agency websites properly subject to judicial notice).

**Exhibits 15, 17, and 21** encompass attorney membership information on and from the California State bar website, which is judicially noticeable under Rule 201. *Avelar v. DCSF*, 2016 U.S. Dist. LEXIS 198501, at *12 (C.D. Cal. Oct. 18, 2016), citing *White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (membership information on California State Bar website is subject to judicial notice); *Day v. Law Offices of A. Lysa Simon*, 2019 U.S. Dist. LEXIS 71540, at *5 (C.D. Cal. Feb. 4, 2019) (granting request for judicial notice of a print-out from the California State Bar website), citing *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 103 (C.D. Cal. 2015).

**Exhibit 19, 20, 25, and 26** encompasses user profiles for defendant X Corp.'s employees that are available to the public on X's website. *Doron Precision Sys. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'") In the context of this litigation and for the purposes for which Plaintiff seeks to introduce the evidence in question, X's website is a source whose

accuracy can be accurately and readily determined given X is a defendant in this action. *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (granting request for judicial notice of LinkedIn pages because, in part, LinkedIn was a party to the action); *see also Evans v. Cardlytics, Inc.*, 701 F. Supp. 3d 1002, 1008 n.15 (C.D. Cal. 2023) (granting request for judicial notice of "LinkedIn posts of [defendant's] corporate officers" submitted by plaintiff in evaluating diversity jurisdiction when not objected to by the defendant "[b]ecause those materials are not subject to reasonable dispute."); *Vazquez v. Datarobot, Inc.*, 2023 U.S. Dist. LEXIS 174458, at *10 (N.D. Cal. Sep. 28, 2023) (evaluating LinkedIn profiles in assessing a party's principal place of business)

**Exhibits 28 to 30** encompasses policies and guidelines that are available to the public on X's website. Given counsel for Defendants, Emily Barnett, authenticated and verified one of these exhibits in a declaration filed in *Castronuova v. Meta Platforms, Inc.* on September 13, 2024, (*See* **Exhibit 27**), the website's authenticity is not in dispute, and the policies and guidelines are capable of accurate and ready determinations. *Doron Precision Sys. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'")

**Exhibit 31** is a news article obtained from Yahoo Finance that reflects a leaked email sent by Linda Yaccarino on August 5, 2024. In the Declaration of Nicole Hollander filed in support of Elon Musk's Notice of Removal to Federal Court, Defendants quote from this email and cite to this email in a separately published news article from the New York Times. (Dkt No. 1-11, at ¶ 7, n. 4.). While the cited article and statement by Yaccarino in this affidavit are inadmissible hearsay, to the extent this Court relies on this evidence as "the Court could review the material in the news articles to reach a decision as to its jurisdiction" because "the rules of evidence are relaxed in the context of a motion to remand," *Meekins v. Chipotle Servs., LLC*, 2018 U.S. Dist. LEXIS 208909, at *7 (C.D. Cal. Dec. 11, 2018). As a result, should this Court consider the contents of this email as

submitted by Defendants, Lemon respectfully requests this Court give context to the entire email. Because Defendants rely on this email in the Notice of Removal, this email may be judicially noticed because they are not the subject of reasonable dispute and were obtained from "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court can take judicial notice of "publicly accessible websites whose accuracy and authenticity are not subject to dispute." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. 2020).

Accordingly. Plaintiff, Don Lemon, respectfully request that this Court take judicial notice of the existence of the documents, Exhibits 4 through 38, and the contents thereof.

Dated:  October 2, 2024               SHEGERIAN & ASSOCIATES, INC.

                                      By: _____
                                          Carney R. Shegerian, Esq.

                                          Attorneys for Plaintiff,
                                          DON LEMON

**LEMON v. MUSK, et al.**                                    **USDC CASE NO.: 3:24-cv-06487-MMC**

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am an employee in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 3764 Elizabeth Street, Riverside, California 92506.

On October 2, 2024, I served the foregoing document, described as **"PLAINTIFF DON LEMON'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT AND REQUEST FOR ATTORNEY'S FEES OF $14,400.00 FROM DEFENDANT ELON MUSK, OR IN THE ALTERNATIVE, REQUEST FOR LEAVE TO PURSUE JURISDICTIONAL DISCOVERY,"** on all interested parties in this action as follows:

**Ari Holtzblatt, Esq.**
**Claire Bergeron, Esq, (pro hac vice)**
**WILMER CUTLER PICKERING**
     **HALE AND DORR LLP**
**2100 Pennsylvania Avenue NW**
**Washington, DC 20037**
**ari.holtzblatt@wilmerhale.com**
**claire.bergeron@wilmerhale.com**

**Noah S. Guiney, Esq.**
**WILMER CUTLER PICKERING**
     **HALE AND DORR LLP**
**One Front Street, Suite 3500**
**San Francisco, CA 94111**
**noah.guiney@wilmerhale.com**

☒       **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒       **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 2, 2024, at Riverside, California

_Delmy Garcia_
Delmy Garcia